**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 16-0613-WS-B** |
| | ) | |
| **BROADSOUTH COMMUNICATIONS, INC.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment and/or Alternatively, Motion for Summary Judgment (doc. 11), and on plaintiff's Notice of Service (doc. 14) with respect to defendant Synethia Pettaway.

**I.      Background.**

Plaintiff, Auto-Owners Insurance Company, requests that the Court enter a default judgment against its insureds, Broadsouth Communications, Inc. and Randolph Williams, declaring the following: (i) Auto-Owners owes no duty to defend Broadsouth and Williams in that certain litigation brought against them by Synethia Pettaway in the Circuit Court of Dallas County, Alabama; (ii) Auto-Owners owes no duty to indemnify Broadsouth and Williams in the *Pettaway* action; and (iii) Auto-Owners owes "no insurance coverage whatsoever" to Broadsouth and Williams relating to the *Pettaway* action.

Auto-Owners commenced this declaratory judgment action by filing a Complaint (doc. 1) in this District Court on December 14, 2016.  The 23-page Complaint indicated that the *Pettaway* action involves claims of slander, harassment, and the like, based on an alleged on-air interaction between Williams (host of a radio talk show broadcast on WHBB, which is owned and operated by Broadsouth) and Pettaway.  During that radio broadcast, Williams is alleged to have falsely accused Pettaway of threatening to burn down his home.  Auto-Owners (which had issued a Tailored Protection Policy of insurance to Broadsouth during the relevant time period) contends

that various coverage provisions, endorsements, terms, conditions, limitations and exclusions in that policy operate to relieve Auto-Owners of any coverage obligations whatsoever to Broadsouth or Williams relating to the *Pettaway* matter.

The court file reflects that service of process was perfected on defendants Broadsouth and Williams via certified mail on December 27, 2016.  (Docs. 7, 8 & 9.)  Pursuant to Rule 12, Fed.R.Civ.P., and as stated on the face of the Summonses, Broadsouth and Williams were obliged to file answers or other responsive pleadings within 21 days after service, or by no later than January 17, 2017.  To date, however, these defendants have not filed a responsive pleading and have not appeared in this action.  In light of that state of affairs, the Court entered a Show Cause Order (doc. 10) on February 17, 2017, ordering Auto-Owners, "on or before **February 24, 2017**, to **show cause** why it has not sought entry of default against these defendants for failure to answer or otherwise respond to the Complaint within the time frame provided by the Federal Rules of Civil Procedure."  (Doc. 10, at 2.)  On February 24, plaintiff filed a "Motion for Default Judgment and/or Alternatively, Motion for Summary Judgment" against Broadsouth and Williams, along with an accompanying 28-page memorandum of law.  (Docs. 11 & 12.)

## II.    Plaintiff's Motion for Default Judgment.

As noted above, the court file reflects that defendants Broadsouth and Williams were served with process in this matter more than two and a half months ago, yet they have never answered, requested an extension of time, or otherwise appeared in this declaratory judgment action.  These circumstances, as documented above, plainly satisfy the criteria for a Clerk's Entry of Default against Broadsouth and Williams pursuant to Rule 55(a), Fed.R.Civ.P.

The trouble, however, is that Auto-Owners is not requesting a Rule 55(a) Clerk's Entry of Default; rather, it has moved for default judgment pursuant to Rule 55(b).  These are separate steps which a plaintiff may neither skip nor merge into one.  *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").  "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."  *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Gottschalk v. City and County of*

*San Francisco*, 964 F. Supp.2d 1147, 1165 (N.D. Cal. 2013) ("entry of default judgment is a two-step process; default judgment may be entered only upon the entry of default by the Clerk of Court") (citation omitted); *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."). The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment.[1] Auto-Owners has attempted to skip over step one altogether and proceed directly to step two, in contravention of the Rule 55 procedural framework.

Under the circumstances, it is **ordered** that the Motion for Default Judgment and/or Alternatively, Motion for Summary Judgment (doc. 11) is **granted in part**, and **denied in part**. The Motion is **granted** insofar as it is construed (liberally) as seeking a Clerk's Entry of Default against defendants Broadsouth and Williams. In all other respects, the Motion is **denied** as premature.

Should Auto-Owners at some point renew its Motion for Default Judgment, that Motion may be summarily denied in the absence of a showing of an actual case or controversy. On its face, the Declaratory Judgment Act provides the remedy of entry of declaratory judgments only "[i]n a case of actual controversy." 28 U.S.C. § 2201(a); *see also Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (observing that § 2201

---

[1]       *See, e.g., Whitesell Int'l Corp. v. Smith Jones, Inc.*, 827 F. Supp.2d 964, 967 (S.D. Iowa 2011) ("After default has been entered, a plaintiff can move for a default judgment …"); *Christenson Media Group, Inc. v. Lang Industries, Inc.*, 782 F. Supp.2d 1213, 1223 (D. Kan. 2011) ("By moving for default judgment first, plaintiff is trying to skip step one and jump to step two. A plaintiff may not seek default judgment before it has applied for entry of default."); *Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n. 2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8-9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment); *Fun Charters, Inc. v. Vessel SHADY LADY*, 2014 WL 7336923, *1 & n.1 (S.D. Ala. Dec. 19, 2014) (collecting cases); *Lewis v. Parker*, 2014 WL 3735244, *2 (E.D. Mich. June 24, 2014) ("In this case, the Clerk has not entered [a] default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).").

"specifically provides that a declaratory judgment may be issued only in the case of an actual controversy. … Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties.") (citations and internal quotation marks omitted); *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 647 (11th Cir. 1991) ("the controversy must be 'live' throughout the case; federal jurisdiction is not created by a previously existing dispute").  It is unclear whether a live coverage dispute exists between Auto-Owners and its insureds (Broadsouth and Williams) in this matter.  In particular, despite being served with the Complaint, neither Broadsouth nor Williams has made any attempt to appear in this action, to defend its interests, or to litigate the coverage question.  That fact strongly suggests that those defendants do not presently have a definite and concrete dispute with Auto-Owners' coverage position, and that there is thus no live case or controversy as to whether Auto-Owners owes those defendants any coverage in the *Pettaway* matter.  Any motion for default judgment that Auto-Owners may file in this case will, therefore, be carefully scrutinized as to the threshold jurisdictional requirement of a substantial continuing controversy between adverse parties, barring which this action may be summarily dismissed without prejudice.

## III.    Status of Defendant Pettaway.

One other matter requires judicial involvement at this time.  In the Show Cause Order entered on February 17, 2017, the Court observed that the court file lacked any indication that Auto-Owners had successfully served process on defendant Synethia Pettaway.  On that basis, the February 17 Order directed Auto-Owners to show cause for its noncompliance with the Service Order's "Notice of Service Attempt" requirement as it relates to defendant Pettaway. (Doc. 10, at 2.)  In a document styled "Notice of Service" (doc. 14) and filed on February 24, 2017, Auto-Owners indicated that it had "received a copy of Synethia Pettaway's Answer" and appended a copy of same as an exhibit.  (Doc. 14, ¶ 6 & Exh.)  The attached Answer by defendant Pettaway was signed by attorney Henry L. Penick and dated January 30, 2017.

Unfortunately, Pettaway's Answer has never been filed in this District Court as a freestanding pleading and attorney Penick has never filed a notice of appearance on behalf of defendant Pettaway.  Of course, an answer or other pleading lacks any legal force or effect unless the pleading party actually files it with the Clerk of Court.  (*See* Summons (doc. 3), at 2 ("You also must file your answer or motion with the court.").)  The net result is that, as of now, Pettaway appears to be in default because she appears to have been served with the Complaint

but has never filed her Answer or taken any other steps to defend herself in these proceedings.  If defendant Pettaway does not file her Answer in these proceedings on or before **March 29, 2017**, then plaintiff is authorized to file an application for Clerk's Entry of Default as to that defendant pursuant to Rule 55(a), Fed.R.Civ.P.

**IV.   Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1.   Plaintiff's Motion for Default Judgment and/or Alternatively, Motion for Summary Judgment (doc. 11) is **granted in part**, and **denied in part**.  The Motion is **granted** insofar as it is construed as containing an embedded request for a Clerk's Entry of Default as to defendants Broadsouth and Williams pursuant to Rule 55(a). In all other respects, the Motion is **denied** as premature;

2.   The Clerk of Court is **directed** to enter a default against defendants Broadsouth Communications, Inc. and Randolph Williams, pursuant to Rule 55(a), Fed.R.Civ.P.;

3.   The Clerk of Court is further **directed** to mail a copy of this Order and the Rule 55(a) defaults to each of the defaulting defendants at their service addresses of record, to-wit: Broadsouth Communications, Inc., P.O. Box 1055, Selma, AL 36702-1055, and Randolph Williams, 612 US Highway 80 East, Selma, AL 36701, to provide them with notice of these pending default proceedings against them;

4.   If neither Broadsouth nor Williams files a motion to set aside the default on or before **March 29, 2017**, then plaintiff may renew its Motion for Default Judgment as to those defendants, supported by exhibits, authorities and an appropriate threshold jurisdictional showing that a justiciable controversy presently exists as between these parties;

5.   The Clerk of Court is **directed** to mail a copy of this Order to purported counsel for defendant Synethia Pettaway, to-wit: Henry L. Penick, Esq., Penick Law Firm, PC, P.O. Box 967, Birmingham, AL 35201.  Attorney Penick is cautioned that the answer he served on Auto-Owners on January 30, 2017 is of no legal force or effect in these proceedings unless he takes prompt, appropriate steps to file it with the Clerk of Court.  If no answer or other responsive pleading on behalf of

defendant Pettaway is **filed** in this District Court on or before **March 29, 2017**, then plaintiff is authorized to file an application for Clerk's Entry of Default as to that defendant.

DONE and ORDERED this 15th day of March, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE